# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51059
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CIPRIANO RODRIGUEZ-GARCIA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1717

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Cipriano Rodriguez-Garcia challenges the 46-month sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Rodriguez contends his sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a). Along that line, he maintains: Sentencing Guideline § 2L1.2 lacks an empirical basis and effectively double-counted his

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

prior drug conviction; the advisory-Guidelines-sentencing range overstated the seriousness of his non-violent offense, which he claims is merely an international trespass; and the district court failed to account for his personal history and characteristics, including his motive for returning to the United States (to be with his family).

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Rodriguez does not claim procedural error; instead, he contends only that his sentence is substantively unreasonable.  On the other hand, "[a] discretionary sentence imposed within a properly calculated [G]uidelines [sentencing] range is presumptively reasonable".  *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

Rodriguez contends the within-Guidelines sentence should not be afforded that presumption because Guideline § 2L1.2 lacks an empirical basis. He concedes our precedent, *see, e.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009), forecloses this contention and raises it only to preserve it for possible further review.  Furthermore, our court has rejected the oft-repeated claims that a sentence based on § 2L1.2 is substantively unreasonable because it effectively double-counts a defendant's criminal history or overstates the seriousness of illegal reentry.  *United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009).

No. 13-51059

The district court considered Rodriguez' claims but determined the 46-month sentence was appropriate. Rodriguez' claims regarding his personal history and circumstances are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008).

AFFIRMED.